Samuel W. Eager, J.
This is a motion by plaintiff for summary judgment. The motion is denied. And, inasmuch as it appears without contradiction that the defendants have a good defense to the action, judgment will be granted to them dismissing the complaint. The court is empowered to and should do this notwithstanding there is no cross motion by defendants for summary judgment. (See Rules Civ. Prac., rule 113.)
Plaintiff admits the agreement by its assignor, in connection with its guaranty on the sale of the freezer to defendants, that, if they were not satisfied with the food or service at the expiration of eight months, they were to have the right to return the freezer, the plaintiff’s assignor would remove and take the same, and thereupon all further obligations with respect to the freezer *171 were to be cancelled. However, plaintiff contends that the defendants did not comply with the conditions of the guaranty, namely, with the condition that ‘‘ this guaranty will only apply if the customer is completely current on his contract payments and loan account and has made eight consecutive, monthly installments on said account.”
It appears that the eight consecutive monthly payments were to be made on the 18th of each and every month commencing on September 18, 1954. It further appears that the defendants were many days late in making payment of certain of the monthly installments, and that, on the other hand, they paid some in advance of the due date. It further appears that payment of all installments, when made, was accepted and that, in any event, the eight installments were all paid prior to the expiration of the eight months’ period. I believe that the conditions of the guaranty were met. The defendants were “ completely current on his (their) contract payments and loan account ” on the expiration of such eight months’ period when they demanded that the freezer be removed and taken back by plaintiff’s assignor and it appears that they had then ‘ ‘ made eight consecutive, monthly installments on said account.”
I believe that the agreement, insofar as it is ambiguous, is to be construed most favorably to the defendants. There is nothing in the guaranty to the effect that the defendants were required to be completely current on contract payments on each monthly due date. I construe the agreement to mean that defendants were required to be current with their payments and loan account at the time when they were entitled to return the freezer, namely, on the ending of the eight months’ period. There is nothing in the agreement conditioning the guaranty on the making of each of the eight monthly payments on or before the due date thereof. I construe the agreement to mean only that it is a condition precedent that the eight payments be made at or prior to the ending of the eight months’ period.
The defendants submit no evidentiary detail to support their counterclaim, which is attacked by plaintiff, and it is dismissed.
Settle order on notice.